## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

KIASS STOCKTON,

        Petitioner,

v.                                Case No. 5:20-cv-00870

WARDEN DAVID L. YOUNG,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Kiass[1] Stockton's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF Nos. 1 and 2) and Respondent's Motion to Dismiss Petition (ECF No. 16). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

When he filed the instant petition, Petitioner was incarcerated at the Federal Prison Camp at Beckley, in Beaver, West Virginia ("FCI Beckley"), serving a 172-month term of imprisonment imposed by the United States District Court for the Middle District of North Carolina following his conviction on one count of conspiracy to interfere with commerce by robbery or theft in violation of 18 U.S.C. §§ 1951 and 2. *See United States v. Stockton*, No. 1:07-cr-00377-5, ECF No. 122 (M.D.N.C, Sept. 18, 2018). His instant

---

[1] Although all of the documents filed by Petitioner herein spell his first name "Kiass," the documents in his criminal case filed in the United States District Court for the Middle District of North Carolina spelled it "Kiias." The undersigned is uncertain which spelling is correct and will simply refer to him herein as "Petitioner."

petition seeks earned time credits under the First Step Act ("FSA"), 18 U.S.C. § 3632, for his participation in recidivism reduction programs and prison employment.

On April 29, 2021, Respondent filed a response to the petition (ECF No. 14) and Petitioner filed a reply brief on May 21, 2021 (ECF No. 15).   However, Respondent has now filed a Motion to Dismiss Petition (ECF No. 16) asserting that Petitioner was released from Federal Bureau of Prison's ("BOP") custody to home confinement on September 15, 2021, and, thus, Respondent contends that his request for relief can no longer be granted and that his petition is moot.

## ANALYSIS

Petitioner's petition seeks the award of earned time credits under the First Step Act of 2018.   The First Step Act of 2018 ("FSA"), signed into law on December 21, 2018, includes a provision for evidence-based recidivism reduction program incentives and productive activities rewards.   *See* Pub. L. 115-391, 132 Stat. 5194 (2018); *see also* 18 U.S.C. § 3632(d).   Through this program, prisoners may earn various incentives and rewards, including the awarding of time credits, for their participation in and completion of certain programs and productive activities that are assigned to them by BOP staff.   *See* 18 U.S.C. §§ 3632(b), (d).

As part of the FSA, 18 U.S.C. § 3632(a), and as set forth in 18 U.S.C. § 3621(h), the BOP was required to create a new risk and needs assessment system to determine the recidivism risk of each prisoner by January 15, 2020, begin implementing the system on that date, and have full implementation completed by January 15, 2022.   *See Saleh v. Young*, No. 5:19-cv-00468, 2021 WL 1758711 (S.D.W. Va. May 4, 2021).   Thereafter, prisoners     who     successfully     complete     evidence-based recidivism

2

reduction programming or productive activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). As noted above, Petitioner has been released from BOP custody to home confinement. Thus, as argued by Respondent, it appears that this federal court is no longer able to grant Petitioner's request for habeas corpus relief.

However, the governing statute states that such time credits "shall be applied toward time in prerelease custody or supervised release. *See* 18 U.S.C.A. § 3632(d)(4)(C). Therefore, if Petitioner's request for relief were ripe for review, it may

not necessarily be moot.   Nevertheless, his request is not presently ripe for review.   As noted by the District Court in *Saleh*, the BOP is not required to provide evidence-based recidivism reduction programming and to award such time credits to all eligible prisoners until January 15, 2022.   2021 WL 1758711 at *1 (citing *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC, 2021 WL 392445, * 5 (E.D. Cal. Feb. 4, 2021).   Because the authority of the BOP to award such incentive-based time credits prior to January 15, 2022 is entirely discretionary, there is no basis for this court to require the BOP to award such time credits to Petitioner and no basis for the court to grant habeas corpus relief.   *See Jones v. Phelps*, No. 1:21-cv-418-JFA-SVH, 2021 WL 3668885, at *8 (D.S.C. June 16, 2021), *report and recommendation adopted*, 2021 WL 3667396 (D.S.C. Aug. 17, 2021) ("The relevant statutes, as well as the heavy weight of authority, do not show that the BOP is obligated to apply Petitioner's earned time credits prior to January 15, 2022 . . . the court has no discretion to disregard the plain language of the relevant statutes."); *Knight v. Bell,* No. 20-cv-3108-JKB, 2021 WL 1753791, at *3 (D. Md. May 4, 2021) (BOP inmates seeking earned time credits under FSA cannot obtain habeas relief at this time).   Accordingly, the undersigned alternatively proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated a present right to habeas corpus relief on this basis.

## RECOMMENDATION

For the reasons stated herein, Petitioner's request for relief is either moot or otherwise not ripe for review.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition (ECF No. 16), **DENY** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF Nos. 1 and 2), and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.    Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.    *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).    Copies of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

December 2, 2021

Dwane L. Tinsley
United States Magistrate Judge

5